**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ASBESTOS WORKERS SYRACUSE PENSION FUND, )
by Thomas Davitt, III, and Charlotte Buskey, as Trustees, )
)                    **COMPLAINT**
)
                      Plaintiffs, )
    -against- )
)
DELORES A. WELLS )                    Civil Action No.
)                    _____
                      Defendant. )
)

---

      Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendant, respectfully allege as follows:

### I. JURISDICTION AND VENUE

    1.    This is an action arising under the Employee Retirement Income Security Act of 1974 [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq. (2003)].

    2.    This is an action by fiduciaries of an employee benefit pension plan to collect overpayments made to a beneficiary pursuant to Section 1.401(a)-13(c)(2)(iii) of the Federal Treasury Regulations [26 C.F.R. §1.401(a)-13(c)(2)(iii) (2003)].

3. Jurisdiction is conferred upon this Court by ERISA Section 502(e) [29 U.S.C. §1132(e)], without respect to the amount in controversy or the citizenship of the parties, as provided in ERISA Section 502(f) [29 U.S.C. §1132(f)] and pursuant to the laws of the United States of America [28 U.S.C. §1337].

4. Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)] because it is an action brought in the district where the plans are administered.

## II. DESCRIPTION OF THE PARTIES

5. Plaintiffs Thomas Davitt, III, and Charlotte Buskey are Trustees of the Asbestos Workers Syracuse Pension Fund [hereinafter "Fund"].

6. Mr. Davitt and Ms. Buskey are fiduciaries of the Fund as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

7. The Fund is administered within the geographical jurisdiction of the United States District Court for the Northern District of New York at 615 West Genesse Street, Syracuse, New York.

8. Pursuant to ERISA Section 402(a), the Fund maintains the Asbestos Workers Syracuse Restated Pension Plan [hereinafter "Plan"] [29 U.S.C. §1102(a)].

9. Pursuant to Section 5.02(c)(iii) of the Plan, a "10 Year Certain Continuous Annuity" provides an eligible participant with a monthly pension benefit based on the participant's credited service with the Fund for at least ten years after benefits commence and thereafter, if necessary, until the death of the participant.

10. Prior to May 22, 1991, John Joseph Wells worked in employment for which contributions were made to the Fund on his behalf as a Fund participant within the meaning of ERISA Section 3(7) [29 U.S.C. §1002(7)].

11. On or about November 16, 1973, Defendant Delores A. Wells married John Joseph Wells and became his lawful spouse within the meaning of ERISA Section 3(15) [29 U.S.C. §1002(15)].

12. Defendant Delores A. Wells was a beneficiary of the Fund as defined in ERISA Section 3(8) [29 U.S.C. §1002(8)].

13. Upon information and belief, Defendant Wells resides at 207 Leavenworth Avenue, Syracuse, New York.

### III. CAUSE OF ACTION FOR UNJUST ENRICHMENT

14. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "13" inclusive of this Complaint as if set forth fully at this point.

15. On or about May 30, 1991, John Joseph Wells applied for a "10 Year Certain and Continuous Annuity" pension benefit from the Fund.

16. On or about May 30, 1991, Defendant Wells represented to the Fund that she was the lawful spouse of John Joseph Wells.

17. On or about May 30, 1991, John Joseph Wells designated Defendant Wells as his beneficiary for the purpose of the "10 Year Certain Continuous Annuity."

18. On or about May 30, 1991, Defendant Wells accepted her husband's designation as beneficiary of amounts potentially payable to her under the "10 Year Certain Continuous Annuity" pension benefit form.

19. On or about May 30, 1991, Defendant Wells executed a written spousal consent form memorializing her consent to her husband's rejection of the Husband and Wife Benefit form and her understanding that based on this rejection she would receive no pension benefits from the Fund after the later of her husband's death or the expiration of any certain period of benefit payments ("Spousal Consent Form").

20. Effective June 1, 1991, the Fund paid $810.25 per month to John Joseph Wells pursuant to his election of the "10 Year Certain Continuous Annuity" pension benefit with such pension benefit to terminate upon the later of his death or June 1, 2001.

21. John Joseph Wells died on May 31, 2003.

22. Contrary to the Fund's policies and procedures, Defendant Wells did not notify the Fund of John Joseph Wells' death.

23. The Fund did not learn of John Joseph Wells' death until February 2004; whereupon the Fund immediately ceased paying benefits to Mr. Wells.

24. The Fund paid John Joseph Wells nine monthly payments of $810.25 each during the period June 2003 through February 2004.

25. Upon information and belief, Defendant Wells received, benefited from, and currently retains the nine monthly payments of $810.25 each during the period June 2003 through February 2004 that the Fund paid to John Joseph Wells.

26. Pursuant to Section 5.02(c)(iii) of the Asbestos Workers Syracuse Restated Pension Plan and the Spousal Consent Form, Defendant Wells received $7,292.25 to which she was not entitled from the Fund during the period June 2003 through February 2004 ("Overpayment").

27. The Overpayment is property identifiable as in good conscience belonging to the Fund such that Defendant Wells has been unjustly enriched by $7,292.25 from the Fund.

28. Under the principles of equity, this Court should recognize a constructive trust over and order the return of the Overpayment to prevent Defendant Wells from retaining the property to which she is not entitled and/or order an accounting for Defendant Wells to disgorge property improperly received from the Fund.

### IV.  PRAYER FOR RELIEF

WHEREFORE, pursuant to ERISA Section 502(a)(3) [29 U.S.C. §1132(a)(3)], Plaintiffs Thomas Davitt, III, and Charlotte Buskey as Trustees of the Asbestos Workers Syracuse Pension Fund respectfully request that this Court enter judgment against Defendant Delores A. Wells under

the Cause of Action described above for:

A. an injunction directing Defendant Wells to account for and return the Overpayment of $7,292.25 to which she was not entitled from the Fund;

B. interest on the $7,292.25 calculated at the rate of nine (9%) per annum;

C. attorneys' fees and costs pursuant to ERISA Section 502(g)(1) [29 U.S.C. §1132(g)(1)]; and

D. such other relief as the Court deems just and appropriate.

Dated: July 15, 2004

BLITMAN & KING LLP

By: _____
Daniel R. Brice
Bar Roll No. 512491

Bernard T. King
Daniel E. Kornfeld
Attorneys for Plaintiffs
Office & Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
E-mail: drbrice@bklawyers.com

(glv\dek\lit\wells\comp)